**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacqueline LeGrande,<br><br>   Plaintiff,<br><br>v.<br><br>Federal Express Corporation, et al.,<br><br>   Defendants. | No. CV-26-02630-PHX-KML<br><br>**ORDER** |

Plaintiff Jacqueline LeGrande alleges she was rear-ended by a FedEx vehicle driven by FedEx employee Kary Turnbull. LeGrande wishes to amend her complaint, which currently identifies Turnbull only as "Federal Express Driver," to include Turnbull's name. FedEx opposes the amendment, arguing it will require the case be remanded to state court. LeGrande consistently indicated she wished to name Turnbull as a defendant, and the case has not progressed very far in federal court. Allowing the amendment is appropriate.

## I. Background

When LeGrande filed suit in state court against FedEx, she did not know Turnbull's identity. LeGrand's complaint named as defendants FedEx and "Federal Express Driver." (Doc. 1-3 at 1.) On April 15, 2026, FedEx removed the case to federal court based on diversity jurisdiction. (Doc. 1.) In their joint case management report filed on May 26, 2026, LeGrande identified the FedEx driver as a party who had not been served because "their identity is unknown at this time." (Doc. 9 at 2.) LeGrande stated multiple times in that report that she planned to amend her complaint to name the FedEx driver once the

identity was known. (Doc. 9 at 2, 4.) The court issued a scheduling order and the parties began discovery. (Doc. 10.)

On June 24, 2026, LeGrande filed a motion for extension of time to complete service on the FedEx driver. (Doc. 11.) That motion explained LeGrande had learned the identity of the driver, and she planned to amend the complaint to include the driver, but FedEx had indicated it would oppose the amendment. Thus, LeGrande requested an extension of time to allow for service of process on the driver in the event the amended complaint was permitted. The court granted the extension and noted it was "very unlikely any opposition to a motion to amend would be meritorious." (Doc. 12.) On July 14, 2026, LeGrande filed her motion to amend the complaint to include the name of the driver, Kary Turnbull, and allegations related to Turnbull's identity. (Doc. 15.) FedEx opposes the amendment because it would prefer to remain in federal court.

## II.   Analysis

FedEx opposes amendment by invoking 28 U.S.C. § 1447(e) which states "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." How this statute interacts with the liberal amendment standard under Rule 15 "is unresolved by the Ninth Circuit." *Gatz v. Life Time Inc.*, No. CV-24-02691-PHX-JAT, 2025 WL 1222285, at *2 (D. Ariz. Apr. 28, 2025). Two recent Supreme Court opinions, however, strongly hint § 1447(e) should be interpreted liberally to preserve a plaintiff's ability to control the forum of the litigation.

The issue in the first opinion was whether an amended complaint dropping a federal claim—which supplied the basis for federal jurisdiction—meant the federal court no longer had jurisdiction. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). The Supreme Court unanimously concluded it did. The Supreme Court stressed that "[t]he plaintiff is the master of the complaint, and therefore controls much about her suit." *Id.* at 35 (simplified). She can decide which defendants to name such that diversity exists or ensure it does not. *Id.* "And the plaintiff's control over those matters extends beyond the

- 2 -

time her first complaint is filed." *Id.* For example, she may amend her complaint in ways that have jurisdictional ramifications, such as adding a non-diverse party which "typically destroys diversity jurisdiction." *Id.* at 37. The Court noted remand is required when a non-diverse party is added to a diversity case "regardless of any (probably minor) forum-manipulation concerns." *Id.* at 42 n.9.

The second opinion built on *Royal Canin* in the context of diversity jurisdiction. In *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421 (2026), the case had been removed from state court despite the presence of a non-diverse defendant. The district court dismissed that defendant, leaving only diverse parties to litigate the merits. The case proceeded to judgment, but the appellate court determined the dismissal of the non-diverse defendant had been erroneous. The appellate court held the reinstatement of the non-diverse defendant meant there had not been jurisdiction and the judgment had to be vacated. The Supreme Court agreed.

In explaining its reasoning, the Court explained why it was not appropriate for the federal court to remove the non-diverse party under Federal Rule of Civil Procedure 21, which provides a "court may at any time . . . add or drop a party." An earlier Supreme Court opinion established a plaintiff may drop a nondiverse defendant to preserve federal diversity jurisdiction. *Id.* at 432. The Court believed the situation in *Hain* was different because it was defendants "seeking dismissal of a nondiverse defendant." *Id.* at 433. "The identity of the party asking for the dismissal is important because the plaintiff is the master of the complaint, and generally has the right to choose whether to proceed in federal or state court." *Id.* (simplified). Dismissing a nondiverse party at the plaintiff's urging "is consistent with that right, as is a plaintiff's ability to amend the complaint to bring the suit either newly within or newly outside a federal court's jurisdiction." *Id.* (simplified). Allowing defendants to invoke Rule 21 to preserve federal jurisdiction would "force [the plaintiffs] to litigate this case in federal court against their wishes and despite their right to control the forum for this case." *Id.*

*Hain* ended by observing that forcing an unwilling plaintiff into federal court meant

the "prejudice to the plaintiff . . . is clear, for plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous." *Id.* (simplified). The plaintiffs in *Hain* had "exercised their right to choose a state forum by purposefully and properly joining a nondiverse defendant against whom they could not proceed in federal court, and diligently asserted that right by promptly moving to remand the case to state court. The decision to structure their case in this way was the [plaintiffs']." *Id.*

In light of *Royal Canin* and *Hain*, plaintiffs are entitled to pick their forum and amendments that have jurisdictional consequences are no longer inherently suspect. When LeGrange filed her initial complaint, she was free to structure her suit as she deemed appropriate. That is, she could include Turnbull to defeat the possibility of diversity jurisdiction and FedEx would have no ability to remove the suit to federal court. LeGrange indicated she planned to add Turnbull but could not do so because FedEx would not disclose Turnbull's identity. In effect, diversity jurisdiction existed at the time of removal solely because of FedEx's refusal to identify the non-diverse defendant.

FedEx complains LeGrange's motion to amend the complaint is an attempt to forum-shop. (Doc. 16 at 6.) Of course, FedEx is doing the same by removing the case to federal court. But even accepting that LeGrange *is* forum-shopping, *Royal Canin* and *Hain* explicitly contemplate and approve a plaintiff crafting a complaint to ensure a particular forum. *Hain* noted plaintiffs may select "whatever forum they consider most advantageous" and the prejudice "is clear" when her choice of forum is defeated. 607 U.S. at 433. Neither *Royal Canin* nor *Hain* squarely addressed whether § 1447(e) imposes special limitations on a plaintiff's ability to amend in a diversity suit, but LeGrange's general entitlement to control the forum establishes the amendment should be allowed. And even if the court were to ignore *Royal Canin* and *Hain* to focus only on § 1447(e), amendment remains appropriate.

In one of the most prominent Ninth Circuit cases interpreting § 1447(e), the court determined it was not an abuse of discretion for a court to deny amendment after considering the prejudice to the plaintiff, balancing the equities, and ensuring "no injustice

would occur." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Subsequent district courts have developed differing frameworks for assessing motions to amend seeking to add a non-diverse party. Those courts have deployed a variety of multi-factor tests, ranging from five to nine factors. *Gatz*, 2025 WL 1222285, at *2 n.5 (citing cases). But the guidance these tests provide is not especially helpful because "[n]o single factor is decisive, and the Court may weigh each factor as it sees fit." *Verrell v. ROC AZ Villa Antiqua LLC*, No. CIV 14-1730-TUC-CKJ, 2014 WL 3556359, at *1 (D. Ariz. July 18, 2014). The court will assume the commonly-used six-factor test should be applied here.

That test requires assessing:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). These factors support allowing the amendment.

FedEx argues Turnbull does not qualify as a necessary party under Rule 19(a) because LeGrange "can obtain complete relief against [FedEx]." (Doc. 16 at 5.) According to FedEx, Arizona's "respondeat superior principles" means it is liable for Turnbull's negligence. (Doc. 16 at 5.) FedEx is correct that under Arizona law "a plaintiff is not required to sue the employee to pursue a respondeat superior claim against the employer." *Laurence v. Salt River Project Agric. Improvement & Power Dist.*, 528 P.3d 139, 148 (Ariz. 2023). That does not mean a plaintiff is *prohibited* from suing both and FedEx does not explain why, if LeGrange wishes to do so, she should be forced into separate suits against Turnbull and FedEx. Regardless, Turnbull does not qualify as a "necessary party" under Rule 19. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). This first factor weighs against allowing the amendment.

- 5 -

The second factor looks to whether the statute of limitations would prevent LeGrange from filing suit in state court. Because the accident occurred on October 21, 2024, and Arizona has a two-year statute of limitations for torts, LeGrange would be able to sue Turnbull in state court if she wished. This factor does not support amendment.

The third factor requires determining if LeGrange delayed in seeking to add Turnbull. On March 31, 2026, LeGrange filed her complaint in state court. From the beginning, LeGrange made it clear that she wished to add the driver as a party once the driver was identified. Once discovery commenced and LeGrange learned the driver's identity, she immediately sought leave to amend. The delay in naming the driver is due to FedEx's refusal to identify her and there has been no delay other than what is attributable to FedEx. The lack of delay weighs in favor of allowing amendment.

The fourth factor looks to whether amendment is intended solely to defeat federal jurisdiction. Faulting a plaintiff for wanting to litigate in state court appears to derive from older authority that *Royal Canin* and *Hain* call into question. *See, e.g.*, *IBC Aviation Servs.*, 125 F. Supp. 2d at 1011 (citing *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir.1980)). Even before the more recent cases, it was not clear why a plaintiff's preference for litigating in a particular forum would necessarily weigh against allowing amendment before proceedings had meaningfully progressed in federal court. *Cf. Desert Empire Bank*, 623 F.2d at 1376 (declining to find improper motive despite argument plaintiff only sought joinder after realizing the district court would likely grant summary judgment against it). Regardless, it is now settled that a plaintiff is entitled to select her forum. *Hain*, 607 U.S. at 433, and the Supreme Court believes that remains true "regardless of any (probably minor) forum-manipulation concerns." *Royal Canin*, 604 U.S. at 42 n.9. This factor is neutral, at best.

The fifth factor looks to whether the claims against Turnbull are valid. There is no dispute that they are, so this factor strongly supports allowing the amendment. And the sixth factor asks whether denying the amendment will prejudice LeGrange. The prejudice of denying amendment is "clear" because LeGrange wished to litigate in state court. Also,

- 6 -

denying amendment will mean LeGrange must file a separate suit against Turnbull in state court while this suit against FedEx proceeds here. Such duplicative litigation is unduly burdensome and unnecessary. The prejudice factor supports allowing amendment.

On balance, the factors weigh in favor of allowing the amendment. There is no dispute LeGrange has valid claims against Turnbull, LeGrange always intended to name Turnbull as a defendant but was prevented from doing so by FedEx, and denying the amendment would deprive LeGrange of her chosen forum. This case remains at the earliest stage and remand will not result in significant wasted work by the parties or this court.

**IT IS ORDERED** the Motion to Amend (Doc. 15) is **GRANTED**. Plaintiff shall file the amended complaint within three days of this order. Upon the amended complaint being filed naming the non-diverse defendant, the court will remand this case for lack of jurisdiction.

Dated this 4th day of August, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 7 -